IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONZELL GREEN, | ) | No. C 13-3616 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| TAMARA DE LA CRUZ, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In the complaint, plaintiff names Tamara de la Cruz, an Alameda County Superior Court Clerk, as a defendant. Plaintiff alleges he had filed a state habeas petition in Superior Court and, on May 29, 2013, Judge Goodman denied it. In the order, it stated that the petition was "denied as s relief is barred." [Sic.] Defendant certified the order and served it upon plaintiff. Plaintiff now alleges that defendant violated his Constitutional rights by failing to correct the phrase "ass relief." Plaintiff accuses defendant of having discriminatory customs, habits, and practices.

In order for a complaint to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). The mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists. *See id.* (state law claims which include incidental references to federal statute and United States Constitution and seek remedies founded exclusively on state law were improperly removed to federal court). Here, even though plaintiff mentions the Americans with Disabilities Act and the Eighth Amendment, under these facts, plaintiff does not support his conclusory statements that defendant violated either federal right.

Accordingly, plaintiff's complaint is DISMISSED for failure to state a claim. Because plaintiff can provide no set of facts in support of his claim that would entitle him to relief, the dismissal is without leave to amend.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 10/3/13

LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\LHK\CR.13\Green616ftsc.wpd        2